UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

DAVID J. CASH,                        :

                    Plaintiff,        :     09 Civ. 1922 (BSJ)(HBP)

     -against-                        :     REPORT AND
                                            RECOMMENDATION[1]
BERNSTEIN, MD,                        :

                    Defendant.        :

----------------------------------X


          PITMAN, United States Magistrate Judge:


          TO THE HONORABLE BARBARA S. JONES, United States

District Judge,


I.   Introduction


          By notice of motion dated March 4, 2010 (Docket Item

11), defendant moves pursuant to 28 U.S.C. § 1915(g) to revoke

plaintiff's in forma pauperis ("IFP") status on the ground that

plaintiff has previously had at least three Section 1983 actions

_____

          [1]At the time the action was originally filed, the Honorable
Leonard B. Sand, United States District Judge, granted
plaintiff's application for in forma pauperis status based on
plaintiff's ex parte submission (Docket Item 1).  Although the
present application seeking to revoke plaintiff's in forma
pauperis status is non-dispositive, I address it by way of a
report and recommendation to eliminate any appearance of a
conflict between the decision of a district judge and that of a
magistrate judge.

dismissed as frivolous, malicious or failing to state a claim upon which relief could be granted, and has not shown that he is in imminent danger of serious physical injury. Defendant further seeks an order directing that the action be dismissed unless plaintiff pays the full filing fee within thirty (30) days. For the reasons set forth below, I respectfully recommend that defendant's motion be granted.

II. <u>Facts</u>

Plaintiff, a sentenced inmate in the custody of the New York State Department of Correctional Services, commenced this action on or about January 12, 2009 by submitting his complaint to the Court's Pro Se office. Plaintiff alleges, in pertinent part, that he has "a non-healing ulcer that is gane green [<u>sic</u>]" and that defendant Bernstein "did not want to treat the ulcer right" (Complaint, dated March 3, 3009 (Docket Item 2)("Compl."), at 3).

The action was originally commenced against two defendants -- Dr. Bernstein and Dr. Finkelstein. The action was dismissed as to Dr. Finkelstein because the complaint contained no allegations whatsoever concerning Dr. Finkelstein (Order dated February 18, 2010 (Docket Item 9)).

On March 4, 2010, the sole remaining defendant -- Dr. Bernstein -- filed the current motion.  Plaintiff failed to submit a response.  Accordingly, on August 20, 2010, I issued an Order advising plaintiff that if he wished to oppose the motion, he must submit his opposition by September 15, 2010 and that after that date I would consider the motion fully submitted and ripe for decision (Order dated August 20, 2010 (Docket Item 15)).  The only submission plaintiff has made in response to my Order is a multi-part form issued by the New York State Department of Correctional Services entitled "Disbursement or Refund Request."[2]  By this form, plaintiff appears to request that the New York State Department of Correctional Services pay the filing fee for this action.  The form is marked "Denied."

III.  Analysis

        28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged.  Although an indigent, incarcerated individual need not prepay the filing fee at the time at the time of filing, he must subsequently pay the fee,

_____

        [2]Plaintiff sent this form directly to my chambers, and it has not been docketed by the Clerk of the Court.  The form will be docketed at the time this Report and Recommendation is issued.

to the extent he is able to do so, through periodic withdrawals
from his inmate accounts.  28 U.S.C. § 1915(b); Harris v. City of
New York, 607 F.3d 18, 21 (2d Cir. 2010).  To prevent abuse of
the judicial system by inmates, paragraph (g) of this provision
denies incarcerated individuals the right to proceed without
prepayment of the filing fee if they have repeatedly filed
meritless actions, unless such an individual shows that he or she
is in imminent danger of serious physical injury.  See Ortiz v.
McBride, 380 F.3d 649, 658 (2d Cir. 2004) ("[T]he purpose of the
PLRA . . . was plainly to curtail what Congress perceived to be
inmate abuses of the judicial process."); Nicholas v. Tucker, 114
F.3d 17, 19 (2d Cir. 1997).  Specifically, paragraph (g) pro-
vides:

> In no event shall a prisoner bring a civil action
> or appeal a judgment in a civil action or proceeding
> under this section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it
> is frivolous, malicious, or fails to state a claim upon
> which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915 (g).

If an inmate plaintiff seeks to avoid prepayment of the
filing fee by alleging imminent danger of serious physical
injury, there must be a nexus between the serious physical injury

4

asserted and the claims alleged.  <u>Pettus v. Morgenthau</u>, 554 F.3d 293, 298 (2d Cir. 2009).

Section 1915(g) clearly prevents plaintiff from proceeding in this action without prepayment of the filing fee.  The memorandum submitted by defendant establishes that plaintiff has had his IFP status revoked on at least four prior occasions as a result of his repeatedly filing meritless actions.

- In 2005, plaintiff commenced an action in the United States District Court for the Northern District of New York seeking to have his infected leg amputated. <u>Nelson[3] v. Lee</u>, No. 9:05-CV-1096 (NAM)(DEP), 2007 WL 4333776 (N.D.N.Y. Dec. 5, 2007).  In that matter, the

---

[3]It appears that plaintiff uses the names David J. Cash and Dennis Nelson interchangeably.  In his complaint in this matter, plaintiff states that the Departmental Identification Number, or DIN, assigned to him by the New York State Department of Correctional Services ("DOCS") is 94-B-0694 (Compl. at 7) .  DOCS inmate account records submitted by plaintiff in connection with his application for IFP status indicate that DIN 94-B-0694 is assigned to Dennis Nelson.  In addition, the DOCS form described in footnote two bears the docket number of this action, but is signed in the name of Dennis Nelson and was sent in an envelope identifying the sender as Dennis Nelson.  A subsequent action has been filed in this Court in which the plaintiff identifies himself as Dennis Nelson but lists his DIN as 94-B-0694, the same DIN used by plaintiff here.  Finally, plaintiff has submitted nothing to controvert the assertion in defendant's papers that David Cash and Dennis Nelson are the same person.  In light of all these facts, I conclude that David Cash and Dennis Nelson are both names used by plaintiff.

Honorable Norman A. Mordue, Chief United States District Judge, accepted and adopted the Report and Recommendation of the Honorable David E. Peebles, United States Magistrate Judge, that plaintiff had brought three or more prior actions that had been dismissed for failure to state a claim and that plaintiff's IFP status should, therefore, be revoked.  2007 WL 4333776 at *1-*2.

- In <u>Nelson v. Nesmith</u>, No. 9:06-CV-1177 (TJM)(DEP), 2008 WL 3836387 (N.D.N.Y. Aug. 13, 2008), plaintiff again filed an action concerning the medical care he was receiving for his left leg.  The Honorable Thomas J. McAvoy, United States District Judge, accepted the Report and Recommendation of Magistrate Judge Peebles, and revoked plaintiff's IFP status and dismissed the action on the ground that plaintiff had previously commenced at least three actions that had been dismissed on the merits.  2008 WL 3836387 at *1, *7.

- In <u>Nelson v. Spitzer</u>, No. 9:07-CV-1241 (TJM)(RFT), 2008 WL 268215 (N.D.N.Y. Jan. 29, 2008), Judge McAvoy again revoked plaintiff's IFP status on the ground that plaintiff had commenced three or more actions that

constituted "strikes" under Section 1915(g) and had not
shown an imminent threat of serious physical injury.
2008 WL 268215 at *1-*2.

- Finally, in <u>Nelson v. Chang</u>, No. 08-CV-1261
  (KAM)(LB), 2009 WL 367576 (E.D.N.Y. Feb. 10, 2009), the
  Honorable Kiyo A. Matsumoto, United States District
  Judge, also found, based on the cases discussed above,
  that plaintiff had exhausted the three strikes permit-
  ted by Section 1915(g) and could not proceed IFP in the
  absence of a demonstration of an imminent threat of
  serious physical injury.  2009 WL 367576 at *2-*3.

As defendant candidly admits, there is one case in
which plaintiff's leg infection was found to support a finding of
an imminent threat of serious physical injury sufficient to come
within the exception to Section 1915(g).  <u>Nelson v. Scoggy</u>, No.
9:06-CV-1146 (NAM)(DRH), 2008 WL 4401874 at *2 (N.D.N.Y. Sept.
24, 2008).  Nevertheless, summary judgment was subsequently
granted for defendants in that case, and the complaint was
dismissed.  Judge Mordue concluded that there was no genuine
issue of fact that plaintiff had received adequate medical care
for his leg wound and that the failure of the leg to heal was the
result of plaintiff's own acts of self-mutilation and interfer-

7

ence with the treatment provided.  <u>Nelson v. Scoggy</u>, No.
9:06-CV-1146 (NAM)(DRH), 2009 WL 5216955 at *3-*4 (N.D.N.Y. Dec.
30, 2009).[4]

In light of the foregoing, there can be no reasonable
dispute that plaintiff has exceeded the three "strikes" allowed
by Section 1915(g) and that he cannot, therefore, proceed here
without prepaying the filing fee unless he demonstrates an
imminent threat of serious physical injury.  Plaintiff has
declined to attempt to make this showing in response to defen-
dant's motion, and the only suggestion in the record of serious
physical injury is the bare statement in the complaint that
plaintiff "need[s] to go back to a wound speci[a]list before the
gane green [<u>sic</u>] kills [him]" (Compl. at 5).  "However, unsup-
ported, vague, self-serving, conclusory speculation is not
sufficient to show that Plaintiff is, in fact, in imminent danger
of serious physical harm."  <u>Merriweather v. Reynolds</u>, 586 F.
Supp. 2d 548, 552 (D.S.C. 2008), <u>citing</u> <u>Ciarpaglini v. Saini</u>, 352
F.3d 328, 330 (7th Cir. 2003) <u>and</u> <u>White v. Colorado</u>, 157 F.3d
1226, 1231-32 (10th Cir. 1998); <u>see</u> <u>also</u> <u>Martin v. Shelton</u>, 319

---

[4]Although the form complaint utilized by plaintiff expressly
asks about prior actions involving the same facts, plaintiff
disclosed only the <u>Scoggy</u> action and expressly denied the
existence of any other actions relating to his imprisonment
(Compl. at 6).

F.3d 1048, 1050 (8th Cir. 2003) (imminent danger exception to

Section 1915(g) requires "specific fact allegations of ongoing

serious physical injury, or of a pattern of misconduct evidencing

the likelihood of imminent serious physical injury").  Given the

plaintiff's history, as set forth in the cases described above, I

conclude that this vague statement is insufficient to support a

finding that plaintiff is in imminent danger of serious physical

injury.[5]

---

[5]Plaintiff has sent me several letters describing his wound
and its symptoms in detail, and I have no doubt that the wound is
serious.  However, in granting summary judgment dismissing an
action last year based on the same allegations, Judge Mordue of
the Northern District found that there was no genuine issue of
fact that plaintiff's own conduct was responsible for the
ineffectiveness of the treatment he was provided:

> Furthermore, to the extent that Nelson's medical
> treatment was delayed, much of the delay was due to his
> own refusal to cooperate with medical staff and his
> self-mutilations.  Nelson's actions to thwart the
> medical treatment of his wound cannot be construed as
> interference or indifference by anyone else . . . .
> [T]he medical treatment Nelson received complied with
> constitutional guarantees as it was appropriate,
> timely, and delayed only by Nelson's own actions.

Nelson v. Scoggy, supra, 2009 WL 5216955 at *4.

Given plaintiff's total failure to respond to the pending
motion and his failure to even deny that he is actively thwarting
treatment of his wound, it would be sheer speculation for me to
conclude that he is in imminent danger of a serious injury as a
result of defendant's conduct.

9

IV.  <u>Conclusion</u>

Accordingly, for all the foregoing reasons, I find that plaintiff has had three or more prior actions dismissed as being frivolous, malicious or failing to state a claim and that plaintiff's <u>in</u> <u>forma</u> <u>pauperis</u> status should, therfore, be revoked.  If your Honor accepts this recommendation, I further recommend that the action be dismissed unless plaintiff pays the filing fee in full within thirty (30) days of your Honor's final resolution of this motion.

V.  <u>OBJECTIONS</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  <u>See</u> <u>also</u> Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Barbara S. Jones, United States District Judge, 500 Pearl Street, Room 1920, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Jones.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT

10

IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.

Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        October 25, 2010

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge

Copies mailed to:

Mr. David J. Cash, a/k/a Dennis T. Nelson
DIN 94-B-0694
Marcy Correctional Facility
Box 3600
Marcy, New York  13403-3600

John E. Knudsen, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, New York  10271