UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DAVID J. CASH,

             Plaintiff,

                                    09 Civ. 1922(BSJ)(HBP)
      v.

                                    Order
BERNSTEIN, MD, et al.,

             Defendants.
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/10

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    Plaintiff David J. Cash objects to Magistrate Judge Pittman's Report and Recommendation ("R&R") that Plaintiff's in forma pauperis ("IFP") status be revoked. For the reasons provided below, the Court adopts the R&R and overrules Plaintiff's objections.

## ANALYSIS

    On March 4, 2010, Defendants moved to revoke Plaintiff's IFP status on the basis that Plaintiff previously had at least three Section 1983 actions dismissed as frivolous, malicious or for failing to state a claim upon which relief could be granted, and because Plaintiff has not shown that he is in imminent danger of serious physical injury.

    Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed IFP "if the prisoner has, on 3 or more prior occasions, while

incarcerated . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Pettus v. Morgenthau, 554 F.3d 293, 297-98 (2d Cir. 2009) (citations omitted).

Here, Plaintiff, as Magistrate Judge Pittman found, has had his IFP status revoked on at least four prior occasions for filing meritless actions. See Nelson v. Chang, No. 08-CV-1261 (KAM)(LB), 2009 WL 367576 (E.D.N.Y. Feb. 10, 2009); Nelson v. Spitzer, No. 9:07-CV-1241 (TJM)(RFT), 2008 WL 268215 (N.D.N.Y. Jan. 29, 2008); Nelson v. Nesmith, No. 9:06-CV-1177 (TJM)(DEP), 2008 WL 3836387 (N.D.N.Y. Aug. 13, 2008); Nelson v. Lee, No. 9:05-CV-1096 (NAM)(DEP), 2007 WL 4333776 (N.D.N.Y. Dec. 5, 2007).

In view of the fact that Plaintiff has exceeded the three strikes allowed by 28 U.S.C. § 1915(g), he cannot proceed IFP unless he demonstrates imminent threat of serious physical injury. In order to qualify for the "imminent danger of serious physical injury" exception, a plaintiff must allege misconduct on the part of the defendants. See Martin v. Shelton, 319 F.3d 1048, 1050-51 (8th Cir. 2003) (explaining that "the exception focuses on the risk that the conduct complained of threatens continuing or future injury") (emphasis added); see also White

2

v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998) (affirming denial of motion to proceed IFP on the basis that, among other things, plaintiff "'failed to show that [state authorities] have been deliberately indifferent to his serious medical needs'") (alteration in original) (citation omitted).

Although the Court, like Magistrate Judge Pittman, does not doubt the seriousness of Plaintiff's leg wound, Plaintiff has never denied that he is actively thwarting Defendants' efforts to treat his leg. In fact, just last year, a court in the Northern District of New York dismissed a case by Plaintiff, based on the same allegations that are at issue here, because there was no genuine issue of material fact that, among other things, Plaintiff was the reason for the ineffectiveness of Plaintiff's medical treatment. Nelson v. Scoggy, No. 9:06-CV-1146(NAM/DRH), 2009 WL 5216955, at *4 (N.D.N.Y. Dec. 30, 2009) (citations omitted). The severity of Plaintiff's injury, that court explained, is "due to [Plaintiff's] own refusal to cooperate with medical staff and his self-mutilations." Id.

Because Plaintiff has not alleged or identified any misconduct by Defendants in this case, he fails to fall within the "imminent danger of serious physical injury" exception. See Martin, 319 F.3d at 1050-51; see also White, 157 F.3d at 1231-32.

In addition to Plaintiff's complaint that was the subject of Magistrate Judge Pittman's R&R, Plaintiff has a related case before the Court, Nelson v. Bentivegna, et al., No. 10 Civ. 3694(BSJ)(HBP) (S.D.N.Y.), which also pertains to Plaintiff's injured leg.  In that case, Plaintiff proceeds under the name Dennis Nelson.  Because the only difference between the two cases is the name by which Plaintiff proceeds, the basis for revoking Plaintiff's IFP status in both cases is the same.  The Court is, accordingly, revoking Plaintiff's IFP status in Nelson v. Bentivegna, et al., No. 10 Civ. 3694(BSJ)(HBP), as well.

## CONCLUSION

For the reasons provided above, the Court adopts Magistrate Judge Pittman's R&R revoking Plaintiff's IFP status.  The Court also revokes Plaintiff's IFP status in Nelson v. Bentivegna, et al., No. 10 Civ. 3694(BSJ)(HBP).  Unless Plaintiff pays the filing fee in full within thirty days of this Order, this action and Nelson v. Bentivegna, et al., No. 10 Civ. 3694(BSJ)(HBP), will be dismissed.

SO ORDERED:

```
                        _____
                        BARBARA S. JONES
                        UNITED STATES DISTRICT JUDGE
```

Dated:    New York, New York
          December 20, 2010